UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RICKY SOUCY, SR., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:20-cv-00024-JDL |
| | ) | |
| MAINE DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR CLARIFICATION/
SUPPLEMENTAL RECOMMENDED DECISION**

When accepting service of the complaint, counsel for the defendants asked the Court

to clarify the status of Defendants Liberty, Fitzpatrick, and Bretton,[1] whom Plaintiff joined

as parties through an amendment to his complaint. (Motion, ECF No. 22.)  Counsel noted

that following the Court's preliminary review of Plaintiff's claim, Defendants Liberty,

Fitzpatrick, and Bretton remain on the Court's docket despite the fact the Court only

authorized Plaintiff to proceed against Defendants Touchette, Soper, Averill, and the State

of Maine. (Order, ECF No. 15.)

Because the Recommended Decision (ECF No. 13) and thus the Court's order after

review of the Recommended Decision did not specifically mention Defendants Liberty,

Fitzpatrick, and Bretton and because Defendants Liberty, Fitzpatrick, and Bretton remain

---

[1] In his amendment, Plaintiff asked to join Jody "Bretton" and that is the spelling of the name on the court docket.  In the request for clarification, the office of the Maine Attorney General, by whom the joined defendants would evidently be represented, referred to Jody "Breton."   I will reference the name as it appears on the court docket.

among the parties on the court docket, counsel's request for clarification is understandable.

I will, therefore, grant the motion to clarify and will supplement the Recommended

Decision.

While the intent was to recommend dismissal of all Plaintiff's claims except

Plaintiff's Eight Amendment claim against Defendants Touchette, Soper, and Averill,

based on Plaintiff's transport to the Medium Unit and on his claims against the State of

Maine under the ADA and Rehabilitation Act, the lack of specific reference to Defendants

Liberty, Fitzpatrick, and Bretton could have led Plaintiff to believe that his claims against

Defendants Liberty, Fitzpatrick, and Bretton remained following the Court's preliminary

review.  Plaintiff, however, has not alleged an actionable claim against Defendants Liberty,

Fitzpatrick, and Bretton. Plaintiff has not identified any specific conduct in which

Defendants Liberty, Fitzpatrick, and Bretton directly engaged, nor has he alleged facts that

would support a supervisory claim.[2]  (Amendment, ECF No. 7.)  Accordingly, after a

review of Plaintiff's complaint, as amended, pursuant to 28 U.S.C. § 1915, I recommend

the Court dismiss Plaintiff's claims against Defendants Liberty, Fitzpatrick, and Bretton.[3]

---

[2] Under the federal civil rights act, 42 U.S.C. § 1983, a supervisory official may be held liable for the behavior of a subordinate if (1) the behavior of the subordinate results in a constitutional violation, and (2) the supervisory official's action or inaction was affirmatively linked to the behavior. *Estate of Bennett v. Wainwright*, 548 F.3d 155, 176 – 77 (1st Cir. 2008).  An affirmative link can be shown through supervisory encouragement, condonation or acquiescence, or by gross negligence amounting to deliberate indifference. *Id.* The applicable standard "contemplates proof that the supervisor's conduct led inexorably to the constitutional violation." *Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008) (quoting *Hegarty v. Somerset Cnty.,* 53 F.3d 1367, 1380 (1st Cir. 1995)).  Plaintiff has alleged no facts that would support such a claim.

[3] To the extent Plaintiff intended to name one or more of the additional individuals in their official capacities, the analysis in the recommended decision governs because Plaintiff also named the entities those individuals represented. *See, Trafford v. City of Westbrook*, 256 F.R.D. 31, 33 (D. Me. 2009) (because the standard for obtaining relief against the named entity is the same as the standard for obtaining relief against the named individuals in their official capacities, "it is appropriate to dismiss the official capacity claims

Because the remaining defendants have apparently been served with the complaint and because the need for clarification might have generated some question as to the date by which the served defendants must file their response to Plaintiff's complaint, the Court orders that Defendants Touchette, Soper, Averill, and the State of Maine shall file their responses to the complaint on or before September 4, 2020.

## **NOTICE**

Any objections to the order on the motion for clarification shall be filed in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of August, 2020.

---

against [the named officials] as redundant"); *Wyatt v. Jones*, No. 119CV02718STADKV, 2020 WL 1821833, at *2 (W.D. Tenn. Apr. 10, 2020) (dismissing named individuals because "where the entity is named as a defendant, as it is here, an official-capacity claim is redundant").

3