UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **RICKY SOUCY, SR.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:20-cv-00024-JDL |
| | ) |
| **MAINE DEPARTMENT OF** | ) |
| **CORRECTIONS, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

Ricky Soucy, Sr., an inmate at the Maine State Prison, brought this action against the Prison, the Maine Department of Corrections, and several individual prison guards and officials, alleging violations of the Americans with Disabilities Act, the Rehabilitation Act, and the Eighth and Fourteenth Amendments to the United States Constitution (ECF Nos. 1, 7). On June 2, 2020, I accepted United States Magistrate Judge John C. Nivison's Recommended Decision that certain of Soucy's claims be dismissed and others be allowed to proceed (ECF Nos. 13, 15). However, neither the Magistrate Judge's Recommendation nor my Order accepting it specifically addressed Soucy's claims against three individual prison officials.

Those three officials have now moved for clarification of their status as defendants, as well as for screening of the claims against them pursuant to 28 U.S.C.A. § 1915A(a) (West 2020) (ECF No. 22). The Magistrate Judge filed a

Recommended Decision on the motion with the Court on August 21, 2020 (ECF No. 24), and Soucy filed an objection on September 10, 2020 (ECF No. 26).

I have reviewed and considered the Recommended Decision and Soucy's objection, together with the entire record, and have made a *de novo* determination of all matters adjudicated by the Magistrate Judge. I concur with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision and determine that no further proceeding is necessary.

The Recommended Decision did not address Soucy's assertion of supervisory liability because Soucy did not specifically make such a claim in his original or amended complaints. In his objection, Soucy alleges that Defendants Liberty, Fitzpatrick, and Bretton committed a pattern of indifferently or indiscriminately dismissing administrative grievances, which caused the prison guards to believe that they could "do as they pleased." ECF No. 26.

To state a claim for supervisory liability based on an Eighth Amendment violation, a plaintiff must allege "[a]t a minimum, . . . that the supervisor's conduct sank to the level of deliberate indifference. *Parker v. Landry*, 935 F.3d 9, 15 (1st Cir. 2019). To demonstrate deliberate indifference, "the plaintiff must show '(1) that the [supervisory] officials had knowledge of facts, from which (2) the officials can draw the inference (3) that a substantial risk of serious harm exists.'" *Id.* (alteration omitted) (quoting *Ramírez-Lluveras v. Rivera-Merced*, 759 F.3d 10, 20 (1st Cir. 2014)). "[E]ven if the complaint contains facts plausibly showing deliberate indifference, the plaintiff must also allege facts giving rise to a causal nexus between the supervisor's

acts or omissions and the subordinate's misconduct." *Id.* "In other words, a supervisor's deliberate indifference must lead in a straight line to the putative constitutional violation." *Id.* Here, Soucy's conclusory allegations against Liberty, Fitzpatrick, and Bretton do not meet these requirements, as they suggest neither any nexus between Liberty, Fitzpatrick, and Bretton's supervision and the putative constitutional violations, nor any facts from which one might infer that these Defendants subjectively knew that their supervision might risk causing such harm.

It is therefore **ORDERED** that the Recommended Decision (ECF No. 24) of the Magistrate Judge is hereby **ACCEPTED**. The Defendants' motion for clarification of status (ECF No. 22) is **GRANTED** and the claims against Defendants Liberty, Fitzpatrick, and Bretton are **DISMISSED**.

**SO ORDERED.**

**Dated this 8th day of October, 2020.**

> /s/ Jon D. Levy
> **CHIEF U.S. DISTRICT JUDGE**