UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICKY SOUCY, SR., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:20-cv-00024-JDL |
| ) | |
| MAINE DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants ) | |

**DECISION AND ORDER ON PLAINTIFF'S
OBJECTION TO DEFENDANTS' WAIVER OF REPLY**

Plaintiff, an inmate incarcerated at the Maine State Prison, alleges Defendants violated the Americans with Disabilities Act, the Rehabilitation Act, and his Eighth and Fourteenth Amendment rights. (Complaint, ECF Nos. 1 & 1-1.) This matter is before the Court on Plaintiff's objection to Defendants' waiver of their right to reply to Plaintiff's complaint pursuant to 42 U.S.C. § 1997e(g)(1). (Objection, ECF No. 27; Waiver, ECF No. 25).

Following a review of the parties' submissions and the record, the Court sustains Plaintiff's objection and orders Defendants to file a response to the complaint.

**FACTUAL AND PROCEDURAL BACKGROUND**

In his complaint, Plaintiff claims that he is disabled and suffers from difficulty walking, and that his medical needs include a "CPAP Machine, Eye Glasses, Medical Orthotics Sneakers, and Wheel chair as needed." (Complaint at 8, ECF No. 1-1.) Plaintiff states that he requested a wheelchair for the move to the Medium Unit, but that Sergeant

Averill said that because Plaintiff could walk to the office approximately 50 feet away, he could walk to the Medium Unit approximately 1500 feet away. (*Id.*) Plaintiff alleges that Officer Touchette and Officer Soper took Plaintiff from his cell and dragged him by his upper arms to the Medium Unit at the Maine State Prison where Plaintiff was being transferred due to mental health symptoms Plaintiff was exhibiting. (*Id.*) Plaintiff also alleges that Sergeant Mallard yelled at him to get his paperwork that was in his cell. (*Id.* at 12.) Officers Touchette and Soper then allegedly severely squeezed Plaintiff's upper arms as they forcibly dragged him to the Medium Unit, which caused pain and bruising in Plaintiff's upper arms, lacerations to his lower right leg, and pain in his back and hip where he had had prior surgery. (*Id.*) Plaintiff alleges that as he was being dragged, Sergeant Averill shouted at him to "stop resisting." (*Id.*)

As part of his objection, Plaintiff included medical records and Maine Department of Corrections Physical Activity Limitation forms. (Objection, ECF No. 27.) The Physical Activity Limitation forms reflect that beginning in 2013 and continuing at least to 2018, Plaintiff was to be provided a wheelchair. (Forms, ECF Nos. 27-3, 27-4, 27-5.)

After a preliminary review of Plaintiff's complaint in accordance with 42 U.S.C. §§ 1915 and 1915A, the Court concluded that Plaintiff could proceed on his Eighth Amendment claim against Defendants Touchette, Soper and Averill and on his claims against the State of Maine under the Americans with Disabilities Act and the Rehabilitation Act. (Recommended Decision, ECF No. 13; Supplemental Recommended Decision, ECF No. 24; Orders Affirming Recommended Decisions, ECF Nos. 15, 29.)

Upon service of the complaint on Defendants, Defendants waived their right to reply to Plaintiff's complaint pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(g)(1), which provides:

> Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

A court, however, "may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." 42 U.S.C. § 1997e(g)(2).

## DISCUSSION

Pursuant to section 1997e(g)(1), "unlike in the typical civil case, defendants do not have to respond to a complaint covered by the PLRA until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." *Jones v. Bock*, 549 U.S. 199, 213-14 (2007). Section 1997e(g)(2) provides that a court may require a defendant to reply to a prisoner's complaint if it determines that the plaintiff "has a reasonable opportunity to prevail on the merits." The statute, however, "does not define this phrase, nor provide guidance as to how to proceed." *Fernandez v. Blodgett*, Civil Action No. 19-10160-NMG, 2019 WL 3253702, at *3 (D. Mass. July 18, 2019) (citing *Morgan v. Johnson*, Case No. 1:17-cv-206, 2019 WL 1370124, at *6 (W.D. Mich. Feb 26, 2019). More specifically, the statute does not

> explain what a Court must do to communicate its finding that the plaintiff has a reasonable opportunity to prevail on the merits; for example, it is

3

> unclear whether a specific finding of reasonable opportunity must enter or whether this finding can be made implicitly through an order requiring a response. Similarly, the statute does not explain the relationship between section 1997e(g)(2) and the frivolous review procedures outlined in section 1997e(c).

*Aaron v. Dyer*, Case No. 15-cv-11014, 2016 WL 1698399, at *1 (E.D. Mich. Apr. 28, 2016).

Courts have assessed section 1997e(g)(2) in a variety of contexts. In *Aaron*, for example, the court ordered in part that default judgment should enter against a defendant who had filed a waiver pursuant to section 1997e(g)(1). 2016 WL 1698399, at *1. The defendant moved for reconsideration and filed an answer to the plaintiff's complaint. *Id*. The court had earlier conducted an initial review of the plaintiff's complaint under section 1997e(c) and determined that it stated a cognizable claim, but the court had not explicitly stated that the plaintiff had "a reasonable opportunity to prevail on the merits" before the defendant filed his answer. *Id*. at 2. The court ultimately found, despite the "statutory vagueness and ambiguity" complicating its task, that the extraordinary remedy of default judgment was inappropriate, and granted the defendant's motion for reconsideration. *Id*.

In *Morgan*, the court dismissed the plaintiff's claims against an unrepresented defendant doctor, who had filed a waiver under section 1997e(g)(1) at the start of the litigation, in the context of granting summary judgment for other defendants. 2019 WL 1370124, at *2, *6-7. The court found first that the plaintiff failed to state a claim against the defendant doctor pursuant to the screening requirements of 28 U.S.C. § 1915(e)(2)(B), and second, "assuming that section 1997e(g)(2) applies independent of the screening

requirements," that the plaintiff had failed to marshal any evidence supporting his claim against the defendant doctor. *Id*. at *7.

In *Fernandez*, the defendant filed a waiver and the plaintiff objected. 2019 WL 325370, at *3. The defendant argued the plaintiff's claim was barred by the Rooker-Feldman doctrine, which provides that the federal court lacks jurisdiction "where the losing party in state court file[s] suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Id*., (quoting *Tyler v. Supreme Judicial Court of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019)). While noting that the plaintiff had a "narrow avenue for relief" under a potential procedural Due Process claim, the court nevertheless provided the plaintiff the opportunity to amend his complaint to "clarify the narrow procedural facial Due Process claim that he appear[ed] to be asserting." *Id*. at *4. The court determined that it would then review the amended complaint to determine whether the plaintiff had a "reasonable opportunity to prevail on the merits" under § 1997e(g)(2). *Id*.

Here, this Court has determined that Plaintiff's complaint sufficiently states an actionable claim against Defendants after a review in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. In other words, the Court has determined that Plaintiff has alleged facts that could support a deliberate indifference finding on the Eighth Amendment claim and a finding that Plaintiff was denied a wheelchair which was necessary due to a disability. The medical records and Department of Corrections forms confirm that Plaintiff required a wheelchair. Plaintiff alleges he was injured in part because he was not provided the wheelchair. Even if § 1997e(g)(2) requires a higher scrutiny than a review under §§

1915 and 1915A, Plaintiff's factual allegations and the information included in the supporting documentation are uncontroverted at this stage of the proceedings and, therefore, Plaintiff has satisfied the requirements of § 1997e(g)(2). Accordingly, Defendants will be required to file a response to the complaint.

## CONCLUSION

Based on the foregoing analysis, the Court sustains Plaintiff's objection to Defendants' waiver of reply to Plaintiff's complaint.  Defendants shall file a response to Plaintiff's complaint within fourteen (14) days of the date of this order.

## **NOTICE**

Any objections to the order on the motion for clarification shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 20th day of October, 2020.