UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICKY SOUCY, SR., <br><br> Plaintiff <br><br> v. <br><br> MAINE DEPARTMENT OF CORRECTIONS, et al, <br><br> Defendants | 1:20-cv-00024-JDL |

**ANSWER & DEMAND FOR JURY TRIAL**

Defendants State of Maine, Averill, Touchette, and Soper ("Defendants") now answer the Complaint (ECF Nos. 1 & 1-1), as ordered by the Court (ECF No. 31).

ECF No. 1 does not appear to contain any factual allegations that require a response. To the extent a response is required, Defendants deny the allegations contained in ECF No. 1.

Defendants answer the allegations contained in ECF No. 1-1 (hereinafter, the "Complaint") as follows:

1. In response to paragraph 1 of the "Claims Report (Brief Synopsis)" of the Complaint, this paragraph consists of legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations contained therein.

2. In response to paragraph 2 of the "Claims Report (Brief Synopsis)" of the Complaint, Defendants deny the allegations contained therein.

3. In response to paragraph 3 of the "Claims Report (Brief Synopsis)" of the Complaint, this paragraph consists of legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations contained therein.

4. In response to paragraph 4 of the "Claims Report (Brief Synopsis)" of the Complaint, this paragraph consists of legal conclusions that require no response. To the extent a response is required, Defendants deny the allegations contained therein.

5. In response to paragraph 5 of the "Claims Report (Brief Synopsis)" of the Complaint, Defendants deny the allegations contained therein.

6. In response to paragraph 6 of the "Claims Report (Brief Synopsis)" of the Complaint, Defendants deny the allegations contained therein.

7. In response to paragraph 7 of the "Claims Report (Brief Synopsis)" of the Complaint, Defendants deny the allegations contained therein.

8. The section of the Complaint labeled "Inquiry" does not appear to contain any factual allegations that require a response. To the extent a response is required, Defendants deny the allegations contained therein.

9. In response to paragraph 1 "Claim 1" of the "Extended Claims Review Section 1" of the Complaint, Defendants admit that Plaintiff was not provided with a wheelchair to use during the time that he was escorted from the Close Unit to the Medium Unit on or about August 31, 2017. Defendants admit that a Physical Activity Limitation ("PAL") sheet dated April 4, 2017, and contained in Plaintiff's medical records, listed the following restrictions: no repeated bending, no squatting, no running, no stooping, no lifting greater than fifteen pounds, no prolonged standing greater than ten minutes without fifteen minutes rest, no strenuous physical activity. Defendants admit that the same PAL sheet listed the following special needs: bottom bunk and double

mattress or air mattress; and the following site appliances: CPAP machine, eye glasses, medical shoes/orthotics, wheelchair, large blue dayroom chair, two extra pillows, cell placement status, and feed-in status. Defendants otherwise deny the allegations contained in paragraph 1.

10. In response to paragraph 2 "Claim 2" of the "Extended Claims Review Section 1" of the Complaint, Defendants admit that Plaintiff had surgery on his back before August 31, 2017. Defendants are without sufficient information to form a belief as to whether Plaintiff had surgery on his hip before August 31, 2017, and therefore deny the same. Defendants otherwise deny the allegations contained in paragraph 2.

11. In response to paragraph 3 "Claim 3" of the "Extended Claims Review Section 1" of the Complaint, Defendants state that the allegations contained in paragraph 3 are not the subject of any of the claims that the Court has allowed to proceed. See ECF Nos. 13, 15, 24, 29. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 3.

12. In response to paragraph 4 "Claim 4" of the "Extended Claims Review Section 1" of the Complaint, Defendants deny that security staff in the Close Unit failed to examine PALs that ordered special needs of the plaintiff and used unnecessary force to have the plaintiff comply with their demands. Defendants state that the remaining allegations contained in paragraph 4 are not the subject of any of the claims that the Court has allowed to proceed. See ECF Nos. 13, 15, 24, 29. Accordingly, no response is required. To the extent a response is required, Defendants deny the remaining allegations contained in paragraph 4.

13. In response to paragraph 5 "Claim 5" of the "Extended Claims Review Section 1" of the Complaint, Defendants deny the allegations contained in paragraph 5.

14. In response to paragraph 6 "Claim 6" of the "Extended Claims Review Section 1" of the Complaint, Defendants state that the allegations contained in paragraph 6 are not the subject of any of the claims that the Court has allowed to proceed. See ECF Nos. 13, 15, 24, 29. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 6.

15. In response to paragraph 7 "Claim 7" of the "Extended Claims Review Section 1" of the Complaint, Defendants state that the allegations contained in paragraph 7 are not the subject of any of the claims that the Court has allowed to proceed. See ECF Nos. 13, 15, 24, 29. Accordingly, no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 7.

## **AFFIRMATIVE DEFENSES**

Without admitting any of the allegations in the Complaint and without admitting or acknowledging that Defendants bear any burden of proof as to any of them, Defendants assert the following affirmative defenses. Defendants intend to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and herby reserve the right to amend this answer to assert all such further defenses.

1. The complaint fails to state facts sufficient to constitute a claim against the answering Defendants, jointly or individually.

2. Defendants assert that no Defendant acted with malicious intent or with reckless disregard for Plaintiff's rights and therefore no Defendant is liable for punitive or exemplary damages.

3. No Defendant deprived Plaintiff of any right or privilege guaranteed by the Constitution or laws of the United States.

4. Defendants allege that, at all relevant times, their actions were reasonably related to achieving legitimate penological goals.

5. Defendants allege that at all times mentioned, the acts complained of were privileged under applicable statutes and case law.

6. Defendants allege that at all times mentioned, the acts complained of were justified and thus Plaintiff is barred from recovery.

7. Defendants allege that at all times mentioned, Defendants complied with the applicable standard of care, at the applicable time and location.

8. Defendants allege that Plaintiff engaged in conduct and activities with respect to the subject of this action, and by reason of such conduct, is estopped from asserting claims for damages or seeking other relief against Defendants.

9. The actions taken by Defendants were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and Defendants are thus immune under the qualified immunity doctrine.

10. Some or all of Plaintiff's claims are barred by his failure to present a timely or sufficient claim as required by the Maine Tort Claims Act, 14 M.R.S.A. § 8101 et seq.

11. Plaintiff has failed to mitigate his damages, if any, and is therefore barred from recovery against Defendants.

12. As to each cause of action and to the extent Plaintiff has previously litigated the issues raised in the Complaint, they are barred by the doctrines of res judicata or collateral estoppel.

13. Some or all of Plaintiff's claims are barred or otherwise limited by the doctrine of waiver.

14. Some or all of Plaintiff's claims are barred or otherwise limited by the doctrine of unclean hands.

15. Some or all of Plaintiff's claims are barred or otherwise limited by the doctrine of laches.

16. Some or all of Plaintiff's claims are barred, limited, or controlled by the Prison Litigation Reform Act, including, but not limited to, the Act's exhaustion requirement (42 U.S.C. § 1997e(a)).

17. Defendants allege that, to the degree that any liability is found, such fault must be apportioned to others in whole or part, including but not limited to Plaintiff.

18. Any and all damage or injury allegedly sustained by Plaintiff resulted not from the conduct or acts of Defendants, but from the conduct or acts of Plaintiff or other persons.

19. The acts or omissions of Defendants alleged to constitute a constitutional violation or negligence were not substantial causes or factors in the alleged injuries sustained by Plaintiff.

20. Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity, the Eleventh Amendment, or both.

21. Defendants did not act with deliberate indifference or any requisite state of mind for any alleged constitutional violation.

22. Plaintiff is not entitled to declaratory relief. Declaratory relief is unavailable to solely have the Court declare that actions of government Defendants have violated Plaintiff's rights.

23. Plaintiff's claims are barred by the doctrine of mootness.

24. Plaintiff's claims are barred by the applicable statutes of limitation.

25. Plaintiff failed to exhaust his administrative remedies.

26. Plaintiff was not a qualified individual with a disability under federal law.

27. Plaintiff did not need an accommodation because of a disability.

28. The requested accommodation was not reasonable.

29. The requested accommodation would constitute a fundamental alteration or an undue burden.

30. Defendants' actions were based upon legitimate non-discriminatory reasons.

31. Defendants made good faith efforts to comply with federal and state laws.

32. At all times, Defendants acted in good faith with respect to Plaintiff.

33. Plaintiff failed to state an ongoing violation of federal law by Defendants.

## PRAYER FOR RELIEF

Defendants pray as follows:

1. That Plaintiff take nothing by reason of this action;

2. That the Court enter judgment in Defendants' favor;

3. For costs of suit and attorney's fees;

4. For such other relief as the Court otherwise deems appropriate.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury in this case.

Dated:  November 3, 2020

Respectfully submitted,

AARON M. FREY
Attorney General of Maine

/s/ Valerie A. Wright
VALERIE A. WRIGHT, Bar No. 9166
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
Tel.:  207-626-8800
Fax: (207) 287-3145
valerie.a.wright@maine.gov

Attorneys for Defendants State of Maine, Averill, Touchette, and Soper

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2020, I electronically filed the above document with the Clerk of Court using the CM/ECF system and caused a copy of said document to be mailed by First Class Mail, postage prepaid to:

Ricky Soucy, Sr., #82858
Mountain View Correctional Facility
1182 Dover Rd.
Charleston, ME  04422

/s/ Valerie A. Wright
VALERIE A. WRIGHT, Bar No. 9166
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
Tel.:  207-626-8800
Fax:  207-287-3145
valerie.a.wright@maine.gov