UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RICKY SOUCY, SR.,                          )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )          1:20-cv-00024-JDL
                                           )
MAINE DEPARTMENT OF                        )
CORRECTIONS, et al.,                       )
                                           )
            Defendants                     )

**RECOMMENDED DECISION ON PLAINTIFF'S
MOTION FOR JUDGMENT**

Plaintiff, an inmate at the Maine State Prison, alleges Defendants[1] violated the Americans with Disabilities Act, the Rehabilitation Act, and his Eighth Amendment rights when he was transferred from the Close Unit to the Medium Unit at the prison.

The matter is before the Court on Plaintiff's motion for judgment. (Motion, ECF No. 53.) After a review of Plaintiff's motion and the record, I recommend the Court deny the motion.[2]

---

[1] In his complaint, Plaintiff asserted claims against multiple defendants. After review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) & 1915A, the Court dismissed all Plaintiff's claims except his Eighth Amendment claims against Defendants Touchette, Soper, Averill, and his claims under the ADA and Rehabilitation Act against the State of Maine. (Recommended Decision and Order Adopting Recommended Decision, ECF Nos. 13 & 15; Supplemental Recommended Decision and Order Adopting Supplemental Recommendation, ECF Nos. 24, 29.)

[2] Plaintiff's filing is captioned as a dispositive motion for judgment. Because Plaintiff describes the motion as a dispositive motion and because he has attached exhibits to the motion, I consider Plaintiff's motion as a motion for summary judgment rather than a motion for judgment on the pleadings. However, given that Defendants have denied Plaintiff's material allegations in the complaint and given the substantive information in Defendants' response to the complaint (Answer to Complaint, ECF No. 33), if I construed the motion as a motion for judgment on the pleadings, I would also recommend the Court deny the motion.

### DISCUSSION

By rule, a party seeking summary judgment must file, in addition to its summary judgment motion, a supporting statement of material facts setting forth each fact in a separately numbered paragraph, with each factual statement followed by a citation to evidence of record that supports the factual statement.  D. Me. Loc. R. 56(b).  A party's pro se status does not relieve the party of the obligation to comply with the court's procedural rules.  *Ruiz Rivera v. Riley*, 209 F.3d 24, 27-28 & n. 2 (1st Cir. 2000); *Marcello v. Maine*, 489 F. Supp. 2d 70, 77 (D. Me. 2007).

Plaintiff did not file a statement of material facts in support of his motion, nor any supporting affidavits or declarations.  While in some instances, a court might consider the assertions in a pro se verified complaint when assessing the merits of a summary judgment motion, *see, e.g.*, *Demmons v. Tritch*, 484 F. Supp. 2d 177, 182-83 (D. Me. 2007), in this case, neither Plaintiff's complaint nor the amendment of his complaint can be considered a verified pleading.  Plaintiff, therefore, has not provided a factual record that would support the entry of judgment in his favor.  Accordingly, Plaintiff is not entitled to relief on his motion for judgment.

### CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for judgment.

### <u>NOTICE</u>

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 26th day of August, 2021.